**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BENNIE HEAROD
ADC #113427                                                                          PLAINTIFF

V.                                        5:09CV00330 JMM/JTR

JOANNA Z. FRANKLIN,
Disciplinary Hearing Officer,
Maximum Security Unit, et al.                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the
Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other
evidence (including copies of any documents) desired to be
introduced at the requested hearing before the United States District
Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff Bennie Hearod, a prisoner in the Maximum Security Unit of the Arkansas

Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants

violated his constitutional rights.  *See* docket entries #2 and #4.  Pursuant to the screening function

mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice,

for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints
seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court
must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally
frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).
       The Court is mindful that when making this determination, the court must "accept as true
all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law."
*Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint
must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the
plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a
cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.
Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355

## II. Discussion

Plaintiff alleges that Defendant Disciplinary Hearing Officer Joanna Z. Franklin violated his constitutional rights when she found him guilty of a false disciplinary charge Defendant Sergeant McBride filed against him on October 12, 2009. *See* docket entries #2 and #5. As punishment, Plaintiff was reduced in class and ordered to spend fifteen days in punitive isolation.

In order to prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff is not contending that Defendants deprived him of life or property, he must identify the liberty interest associated with his due process claim. *Id.* The United States Supreme Court has clarified that, in order for a disciplinary conviction to create a liberty interest capable of supporting a due process claim, the punishment must result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Eighth Circuit has held that placement in punitive isolation for relatively short intervals of time, and the temporary suspension of privileges while so confined, does *not* constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. *See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (same).

Additionally, prisoners do not have a liberty interest in maintaining a particular classification

---

U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

level.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Hartsfield v. Dept. of Corr.*, Case No. 04-1311, 2004 WL 1759144 (8th Cir. Aug. 5, 2004) (unpublished opinion).  Thus, Plaintiff has failed to state a viable due process claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 action be DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

2.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 2nd day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE